**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee,<br>v.<br>JEFFREY DEAN MOFFATT,<br>Defendant-Appellant. | C.A. No. 26-3857<br>D.C. No. CR 21-335-JAK<br>(Central Dist. Cal.)<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR BAIL PENDING APPEAL AND REQUEST FOR ADMINISTRATIVE STAY** |

The United States opposes defendant-appellant Jeffrey Moffatt's second motion for bail pending appeal and his alternative request for an administrative stay of his October 28, 2026, surrender date. (Dkt. 19; *see also* Dkt. 24.)[1]

[1] Defendant's motion does not comply with this Court's rules in several respects. It is styled an emergency motion but contains no Circuit Rule 27-3 certificate. It runs 27 pages and purports to incorporate by reference a 60-page opening brief (Dkt. 19 at 2; Dkt. 20), and summaries of exhibits likely generated by artificial intelligence, which far exceed the 5,200-word limit of Rule 27(d)(2)(A). And defendant's motion rests on medical records, correspondence, and other materials that were never before the district court. (Dkt. 19 at 2, 21–24.)

A jury convicted defendant, a former lawyer, of concealing material facts from the Social Security Administration by trick, scheme, or device, in violation of 18 U.S.C. § 1001(a)(1), after certifying for five years, in at least 57 matters, that he had never been disbarred.[2] The district court sentenced him to twelve months and one day and denied bail pending appeal, finding that he had not carried his burden to show that his appeal was not for the purpose of delay and that none of his four claimed questions was substantial. (CR 384 at 4–7.)

Through counsel, defendant appealed the district court's denial of bail raising six different grounds (Dkt. 7); the government opposed (Dkt. 9); and a motions panel denied the motion (Dkt. 12). The panel held that defendant "has not shown that the appeal raises a 'substantial question' of law or fact that is 'fairly debatable.'" (Dkt. 12 at 1.) Next, defendant moved for reconsideration, arguing that an intervening decision of this Court concerning the appointment of an Acting United States Attorney created a substantial question (Dkt. 13), and the same panel denied that motion (Dkt. 15 (citing Ninth Cir. R. 27-10)).

[2] The jury was unable to reach a verdict on five wire fraud counts.

The district court thereafter extended defendant's surrender date once, to October 28, 2026, and warned that there would be no further continuances absent compelling circumstances. (CR 426 at 2.)

Now proceeding *pro se*, defendant asks a third time for bail pending appeal. The motion should be denied for three independent reasons.

*First*, defendant points to no facts that have changed since this Court's two previous denials; the fact that defendant filed a brief is not a changed circumstance. (*See* Dkt. 24 at 2.) Filing a brief does not create a substantial question where none existed in the first place.

*Second*, the motion is, in substance, a second motion for reconsideration of this Court's September 18 order, which the rules do not permit. Defendant's motion is styled as a new request for bail under Rule 9(b), but it seeks the same relief, from the same panel, on the same appeal that this Court denied on September 18 and again on September 23. (Dkt. 12, 15.) The only vehicle for revisiting a motions-panel order is Circuit Rule 27-10, and defendant has used it: "A party may file only *one* motion for clarification, modification, or reconsideration of a motions panel order." Ninth Cir. R. 27-10(b) (emphasis added). A

reconsideration motion must also be filed within 14 days of the order and must "state with particularity the points of law or fact which, in the opinion of the movant, the Court has overlooked or misunderstood." Ninth Cir. R. 27-10(a)(2), (3).

This filing fails each requirement: it is the second motion; it came twenty-eight days after the order it seeks to undo; and it identifies nothing the panel overlooked, substituting instead a new set of questions for the ones the panel twice rejected. Defendant's own notice of filing describes the motion as an "Emergency Motion for Panel *Reconsideration*." (Dkt. 24 at 1 (emphasis added).) That is what his motion is, and a party cannot avoid the limits on reconsideration by captioning the motion as an "emergency."

*Third*, defendant did not first present these grounds to the district court. A request for release pending appeal "must first be brought in the district court." Ninth Cir. R. 9-1.2(a). None of the questions defendant now presses—the summary denial of his pretrial motions, a claim of prosecutorial vindictiveness,[3] the omission of a Guidelines adjustment

[3] The vindictiveness claim rests on a quotation that appears nowhere in the correspondence defendant cites. The actual exchange shows that after trial,

(continued . . .)

under § 4C1.1, and the conditions at FCI Lompoc (Dkt. 19 at 5–19)—was presented to the district court as a ground for bail pending appeal (*see* CR 381 at 3–5; CR 384 at 3–7), and none was presented to this Court in defendant's first motion or his motion for reconsideration (Dkt. 7, 13). Those new claims should be rejected wholesale, as this Court is "a court of review, not first view." *Haskell v. Harris*, 745 F.3d 1269, 1271 (9th Cir. 2014) (en banc). Defendant raises additional grounds that overlap with his earlier filings—the exclusion of medical records, the denial of a continuance, and the authority of Acting United States Attorney Essayli—but those were presented to this Court and rejected. (Dkt. 12, 15.) The last of these grounds, defendant's counsel conceded, was never raised in the district court at all. (Dkt. 13 at 4.)

---

defendant proposed that the government reduce his conviction to a misdemeanor; that the government declined but said it would seek approval for an agreement under which it would forgo retrial on the five deadlocked counts and recommend probation in exchange for an appellate waiver; that defendant countered with conditions the government rejected; and that no offer was ever extended. That is ordinary plea bargaining, not a penalty for exercising a right. *Bordenkircher v. Hayes*, 434 U.S. 357, 363–64 (1978). When no agreement was reached, the government recommended a sentence within the Guidelines range (CR 351 at 13), and the court imposed a sentence below that recommendation (CR 379).

Defendant's alternative request for an administrative stay has no independent basis. The district court extended his surrender date precisely so that this Court could complete its review of the bail denial (CR 379 at 2; CR 426 at 2), and that review was completed on September 18.

The motion and the request for an administrative stay should be denied.

DATED: October 23, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

/s/

DAVID C. LACHMAN
NISHA CHANDRAN
Assistant United States Attorneys

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 26-3857

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Jeffrey Dean Moffatt
1070 West Barrel Springs Road, Box 11
Palmdale, California 93551

**Description of Document(s)** *(required for all documents)*:

GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR BAIL PENDING APPEAL AND REQUEST FOR ADMINISTRATIVE STAY

**Signature** s/ David C. Lachman **Date** Oct 23, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*